## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBBINS BROS. JEWELRY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ICEBOX DIAMOND & WATCHES,** | § | |
| **INC., ROSE MYERS, an individual, and** | § | |
| **DOES 1 through 50, inclusive,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff Robbins Bros. Jewelry, Inc. ("Robbins Bros." or "Plaintiff") hereby files this, its Original Complaint, seeking a temporary restraining order and preliminary and permanent injunctive relief, as well as damages, against Defendant Rose Myers ("Myers") and Icebox Diamond & Watches, Inc. ("Icebox") (collectively, "Defendants") for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA"), the Texas Uniform Trade Secrets Act ("TUTSA"), TEX. CIV. PRAC. & REM. CODE ANN. § 134A.003(a) *et seq.*, and breach of contract, Tortious Interference with Contractual, Business and Employment Relations, Application for Temporary Restraining Order and Request for Preliminary and Permanent Injunction, and alleges as follows:

## PARTIES

1.      Plaintiff Robbins Bros. Jewelry, Inc. is a Delaware corporation whose principal place of business located in Azuza, California.  Robbins Bros. is authorized to and does conduct business in the State of Texas.

2.      Defendant Myers is an individual and former employee of Robbins Bros. and, upon information and belief, resides in and is domiciled in Denton County, Texas.  Rose Myers may be served at her residence 4025 Pear Ridge, The Colony, TX 75056, or wherever else she may be found.

3.      Defendant Icebox Diamond & Watches, Inc. is a Georgia corporation with a principal place of business in Georgia.  Defendant Icebox is authorized to and does conduct business in the State of Texas.  Icebox may be served through its registered agent, Joseph J. Gottlieb at 284 N. Main Street, Alpharetta, GA, 30009.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 because Robbins Bros. asserts a cause of action under federal law pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.* and over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

5.      In addition, jurisdiction in this district is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000 and the parties involved are from different states.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims against Defendants Myers and Icebox occurred in this District, namely Myers was employed to work for Robbins Bros. in this District,

signed the relevant agreements in this District, misappropriated confidential and trade secret information within this District, and conducts business for Icebox in this District.  In addition, Icebox transacts business in this District, hired Myers in this District, and solicited Robbins Bros.'s employees in this District.

## BACKGROUND

7.      Robbins Bros. is a jewelry store specializing in engagement rings and other fine jewelry.  Robbins Bros. has not strayed far from its roots as a family business: Skip and Steve Robbins grew up working in the Pasadena jewelry store of their father, Eugene Robbins, who in turn learned the jewelry business in his father's store in Seattle, Washington.  From the beginning, Robbins Bros. has focused its business strategy on two elements above all else: product quality and an unparalleled customer experience and satisfaction, based on a strong, loyal, and talented employee base.

8.      Defendant Myers was hired by Robbins Bros. on or around March 28, 2005, as a General Manager in Training.  In or around April 2, 2007, Myers became the District Manager of the Texas Region.  Over the course of her career at Robbins Bros., Myers held a variety of titles, concluding with the title of Regional Vice President of Operations.  Though bearing several different official titles, her job uniformly consisted of a managerial role over Robbins Bros. stores in the Texas area (as well as various other areas at different times).

9.      In during her employment, Robbins Bros., promised Myers, as consideration, access to its confidential and trade secret information, which she agreed to keep confidential.  Such agreement was memorialized in a Confidentiality and Non-Disclosure Agreement ("Confidentiality Agreement") (**Exhibit A**).

10.     Pursuant to the Confidentiality Agreement Sections, 1.1, 1.2, and 3.1, Myers has a continuing contractual obligation to hold all of Robbins Bros.' confidential or trade secret information, as well as third party information, in the strictest confidence.  Such "confidential information or trade secrets" includes, without limitation (a) Financial Statements; Account Receivable percentages; Gross Profit percentage breakdowns; salary and commission breakdowns; Profit/Loss Statements; and (b) Company Sales Manual (and all information contained therein); GemQuest System; selling and training techniques; pricing; customer lists; marketing methods; new trademarks; business plan; inventions; processes; or any trade secret of confidential information relating to the business of Company [including information regarding other employees of the Company]."

11.     Additionally, pursuant to Section 3.3 of the Confidentiality Agreement, Myers "agrees that for six (6) months after termination of employment for any reason [she] will not, on behalf of [herself] or on behalf of any other person, firm, or corporation, directly or indirectly solicit, divert or take away any of the employees of [Robbins Bros.] or any of its affiliates or subsidiaries.

12.     In addition, in conjunction with her termination of employment on or around May 14, 2020, Myers entered into a Severance and Release Agreement ("Severance Agreement") on or around June 2, 2020. (**Exhibit B**).

13.     Pursuant to Section 2 of the Severance Agreement, Myers represented that she "has returned to [Robbins Bros., the "Employer"] all Employer property, including identification cards and badges, access codes and devices, keys, laptops, computers, telephones, mobile phones, hand-held electronic devices, credit cards, electronically stored documents and files, physical files, and any other Employer property in the Employee's possession, custody, or control."

14.     Additionally, pursuant to Section 8 of the Severance Agreement, Myers agreed that she "will not directly or indirectly solicit, whether alone or as an officer, director, manager, employee, agent, consultant or contractor for another Person, or in any other capacity, hire, solicit, induce, or attempt to induce, any employee of Employer to terminate their relationship with Employer or engage in any activity that would reasonably be expected to induce such employee to cease doing business or to materially and adversely modify their relationship with Employer. As used herein, the term 'directly or indirectly' will be construed in its broadest sense."

15.     During her employment with Robbins Bros., Myers had access to, and was entrusted with, intimate knowledge of Robbins Bros.' confidential, trade secret and/or third party information, including, but not limited to, non-public information that relates to the actual or anticipated business and/or products, research or development of Robbins Bros., non-public information about the Company's employees and customers, including contact information, trade secrets, and/or know-how, including, but not limited to, research, product plans, or other information regarding the Company's products or services and markets therefore, customer lists and customers, software, developments, inventions, processes, marketing, and finances.  In addition, Myers had access to detailed and comprehensive store metrics, including, but not limited to, budgets, profitability, sales and marketing data, etc.  Critically, Myers also had access to employee performance metrics, such as comprehensive data on employee skills, training, knowledge, compensation, and historic performance.

16.     Robbins Bros. has spent significant time, resources, and energy to create, accrue and organize such information, including taking substantial steps to keep such information confidential.  Access to such information is only granted to certain employees who need to know

it to perform their job duties and only on condition of executing a confidentiality agreement. Additionally, access to such information required security credentials that are unique to Myers.

17.     Following her departure from Robbins Bros., Myers proceeded to work for Defendant Icebox, a direct competitor of Robbins Bros.  While such employment, in and of itself, is not problematic at this time, Myers has, upon information and belief, used the aforementioned confidential and trade secret information from Robbins Bros. to, in concert with Icebox, systematically target and solicit specific Robbins Bros. employees and induce them to leave their employment with Robbins Bros. to work for Icebox.  Such systematic targeting was aided by the creation of a ranked list of these employees which was derived from Myers' access to the aforementioned confidential information.

18.     To date, Myers and Icebox have improperly solicited and successfully induced three Robbins Bros. employees to leave their employment with Robbins Bros.

19.     Upon information and belief, Robbins Bros. asserts that Myers and Icebox have attempted to solicit many other employees of Robbins Bros. and at present continues to and intends to continue doing so in the future.

## FIRST CLAIM FOR RELIEF

### (Violation of Defend Trade Secrets Act -- 18 U.S.C. § 1836, *et seq.*)

### (Against all Defendants)

20.     The allegations of the foregoing paragraphs above are re-alleged herein.

21.     A "trade secret" under the DTSA includes "all forms and types of financial, business…or engineering information, including patterns, plans…designs…procedures..." that is (1) subject to reasonable measures to keep the information secret and (2) derives independent economic value, real or potential, from not being generally known or readily ascertainable by

others who can obtain economic value from the disclosure or use of the information. 18 U.S.C. § 1839(3).

22.     As set forth more fully above, Robbins Bros.'s confidential and trade secret information includes, but is not limited to, detailed and comprehensive store metrics including but not limited to budgets, profitability, sales and marketing data, etc., as well as employee performance metrics, such as comprehensive data on employee skills, training, knowledge, compensation, and historic performance – all of which have been compiled through years of resource-intensive expenditures.

23.     As set forth more fully above, the aforementioned confidential information and trade secrets are subject to reasonable efforts to maintain their secrecy.

24.     The aforementioned confidential information and trade secrets derive independent economic value from not being generally known to the public and have been derived through years of compilation which provides Robbins Bros. with a competitive edge, because the information allows Robbins Bros. to allocate resources appropriately and to develop and execute specific business and marketing plans.

25.     In her role, Myers had access to, and Robbins Bros. provided to Myers, such confidential and trade secret information.

26.     Plaintiff alleges, upon information and belief, that Myers misappropriated and used Robbins Bros. confidential and trade secret information to solicit and induce employees to leave their employment with Robbins Bros.

27.     Plaintiff alleges upon information and belief that Myers and Icebox intend to, and have, improperly used such confidential and trade secret information to target other such Robbins Bros. employees.

28.     To date, Myers and Icebox have improperly solicited and successfully induced three Robbins Bros. employees to leave their employment with Robbins Bros.

29.     Upon information and belief, Robbins Bros. asserts that Myers and Icebox have attempted to solicit many other employees of Robbins Bros. and at present continue to and intend to continue doing so in the future.

30.     Defendants' actions constitute a violation of the DTSA, 18 U.S.C. § 1836 *et seq.*

31.     As a direct, proximate result of Defendants' unlawful actions, Robbins Bros. has suffered damages, including lost profits, lost goodwill, diminished profit margins, unjust enrichment based upon value of the property retained/loss, and other damages to be determined at trial.

32.     The losses and harm to Robbins Bros. are ongoing and cannot be remedied by damages alone.

33.     Robbins Bros. has no adequate remedy at law for sufficient compensation for the wrongs committed by Defendants.

34.     Defendants acted willfully, maliciously, and with reckless disregard to the rights of Robbins Bros., entitling Robbins Bros. to recovery of double damages and recovery of their reasonable attorneys' fees.

35.     Robbins Bros. believes, and therefore avers, that Defendants' unlawful conduct will continue unless restrained immediately by order of the Court.  Defendants' unlawful conduct is clearly actionable, and the injunctive relief prayed for herein is reasonably suited to abate such conduct.  The harm to be done by issuing the injunctive relief prayed for herein does not outweigh the substantial loss of information and employees that Robbins Bros. will suffer if the unlawful conduct is permitted to continue.

WHEREFORE, Robbins Bros. demands judgment in its favor for Defendants' violation of the Defend Trade Secrets Act, and requests actual damages to be proven at trial, double damages, a temporary restraining order and preliminary and permanent injunctive relief, including, but not limited to, the immediate return of all of Robbins Bros.' trade secrets, confidential information and intellectual property, an Order directing Defendants to refrain from using such confidential information and to cease using such information (and information derived from such information), attorneys' fees, and such other and further relief available under the DTSA as this Court deems just.

## SECOND CLAIM FOR RELIEF

**(Violation of Texas Uniform Trade Secrets Act (TUTSA), TEX. CIV. PRAC. & REM. CODE ANN. § 134A.003(a) *et seq.*)**

**(Against all Defendants)**

36.     The allegations of the foregoing paragraphs above are re-alleged herein.

37.     A "trade secret" under the TUTSA includes "all forms and types of information, including business, scientific, technical, economic, or engineering information, … whether tangible or intangible and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing…if the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret; and … the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."  Tex. Civ. Prac. & Rem. Code § 134A.002.

38.     As set forth more fully above, Robbins Bros.'s confidential and trade secret information includes, but is not limited to, detailed and comprehensive store metrics, including, but not limited to, budgets, profitability, sales and marketing data, etc., as well as employee performance metrics, such as comprehensive data on employee skills, training, knowledge, compensation, and historic performance– all of which have been compiled through years of resource-intensive expenditures.

39.     As set forth more fully above, the aforementioned confidential information and trade secrets are subject to reasonable efforts to maintain their secrecy.

40.     The aforementioned confidential information and trade secrets derive independent economic value from not being generally known to the public and have been derived through years of compilation which provides Robbins Bros. with a competitive edge because the information allows Robbins Bros. to allocate resources appropriately and to develop and execute specific business and marketing plans.

41.     In her role, Myers had access to such confidential and trade secret information.

42.     Robbins Bros. alleges, upon information and belief, that Myers misappropriated and used Robbins Bros. confidential and trade secret information to, among other things, solicit and induce employees to leave their employment with Robbins Bros.

43.     Robbins Bros. alleges, upon information and belief, that Myers and Icebox intend to, and have, improperly used such confidential and trade secret information to target other such Robbins Bros. employees.

44.     To date, Myers and Icebox have improperly solicited and successfully induced three Robbins Bros. employees to leave their employment with Robbins Bros.

45.     Upon information and belief, Robbins Bros. asserts that Myers and Icebox have attempted to solicit many other employees of Robbins Bros. and at present continue to and intend to continue doing so in the future.

46.     Defendants' actions, therefore, constitute a violation of the Texas Uniform Trade Secrets Act (TUTSA), TEX. CIV. PRAC. & REM. CODE ANN. § 134A.003(a) *et seq.*

47.     As a direct, proximate result of Defendants' unlawful actions, Robbins Bros. has suffered damages, including lost profits, lost goodwill, diminished profit margins, unjust enrichment based upon value of the property retained/loss, and other damages to be determined at trial.

48.     The losses and harm to Robbins Bros. are ongoing and cannot be remedied by damages alone.

49.     Robbins Bros. has no adequate remedy at law for sufficient compensation for the wrongs committed by Defendants.

50.     Defendants acted willfully, maliciously, and with reckless disregard to the rights of Robbins Bros., entitling Robbins Bros. to recovery of exemplary damages and recovery of their reasonable attorneys' fees.

51.     Robbins Bros. believes, and therefore avers, that Defendants' unlawful conduct will continue unless restrained immediately by order of the Court.  Defendants' unlawful conduct is clearly actionable, and the injunctive relief prayed for herein is reasonably suited to abate such conduct.  The harm to be done by issuing the injunctive relief prayed for herein does not outweigh the substantial loss of information and employees that Robbins Bros. will suffer if the unlawful conduct is permitted to continue.

WHEREFORE, Robbins Bros. demands judgment in its favor for Defendants' violation of the Texas Uniform Trade Secrets Act, and requests actual damages to be proven at trial, exemplary damages, a temporary restraining order and preliminary and permanent injunctive relief, including, but not limited to, the immediate return of all of Robbins Bros.' trade secrets, confidential information and intellectual property, an Order directing Defendants to refrain from using such confidential information and to cease using such information (and information derived from such information), attorneys' fees, and such other and further relief available under the TUTSA as this Court deems just.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

### (Against Defendant Myers)

52.     The allegations of the foregoing paragraphs above are re-alleged herein.

53.     On or around January 9, 2007, Myers entered into the Confidentiality Agreement with Robbins Bros.

54.     The Confidentiality Agreement is a valid and enforceable agreement under Texas law, does not restrict Myers' right to seek employment elsewhere, and is necessary to protect Robbins Bros.' confidential and trade secret information.

55.     Myers received adequate and sufficient consideration for entering into the Confidentiality Agreement, including continuous employment, and specifically, the receipt and access to confidential and trade secret information.

56.     Robbins Bros. has fulfilled all of its obligations under the Confidentiality Agreement.

57.     Myers also agreed under Section 6.2 of the Confidentiality Agreement that any breach of the Confidentiality Agreement would entitle Robbins Bros. to, "in addition to all other remedies it may have, to injunctions or other appropriate orders to restrain any such breach without showing or proving any actual damage to [Robbins Bros.]."

58.     On or around June 2, 2020, Myers entered into the Severance Agreement with Robbins Bros.

59.     The Severance Agreement is a valid and enforceable agreement under Texas law, does not restrict Myers' right to seek employment elsewhere, and is necessary to protect Robbins Bros.' confidential and trade secret information.

60.     Myers received adequate and sufficient consideration for entering into the Severance Agreement, including a substantial lump sum payment of $58,464.00.

61.     Robbins Bros. has fulfilled all of its obligations under the Severance Agreement.

62.     Upon information and belief, following her employment with Robbins Bros., and in direct breach of both the Confidentiality Agreement and the Severance Agreement, Myers and Icebox used Robbins Bros.' confidential information to strategically solicit employees of Robbins Bros. and induce them to terminate their relationship with Robbins Bros. in order to commence employment with Icebox.

63.     As a direct and proximate cause of Myers' breach of the Confidentiality Agreement and Severance Agreement, Robbins Bros. has suffered damages, including lost profits, lost goodwill, diminished profit margins, unjust enrichment based upon value of the property retained/loss, and other damages to be determined at trial.

WHEREFORE, Robbins Bros. demands judgment in its favor for Defendants' breach of contract, and requests actual damages to be proven at trial, a temporary restraining order and

preliminary and permanent injunctive relief, including, but not limited to, the immediate return of all of Robbins Bros.' trade secrets, confidential information and intellectual property, an Order directing Defendants to refrain from using such confidential information and to cease using such information (and information derived from such information), granting attorneys' fees, and such other and further relief as this Court deems just.

## FOURTH CLAIM FOR RELIEF

**(Tortious Interference with Contractual, Business and Employment Relations)**

**(Against Defendant Icebox)**

63.     The allegations of the foregoing paragraphs above are re-alleged herein.

64.     Defendant Icebox knows of Rose's contractual and other legal obligations to not disclose or use any of Robbin Bros.'s confidential, proprietary or trade secret information and not to solicit Robbins Bros.'s employees.

65.     Nonetheless, Icebox has willfully and tortiously interfered with the contractual relationship between Robbins Bros. ad Rose by seeking and/or accepting assistance from Rose in the disclosure of Robbins Bros.'s confidential information in order to solicit Robbins' Bros.'s employees for the benefit of Icebox.

66.     Such acts by Defendant Icebox constitutes willful and intentional acts of interference with Robbins Bros.'s contractual relations.

67.     Moreover, Defendant Icebox knows of Rose's valid contractual and other legal obligations to not use or disclose any of Robbins Bros.'s confidential, proprietary and/or trade secret information.  It further knows of personnel information of Robbins Bros.'s employees. Nevertheless, Defendant Icebox has willfully and tortiously interfered with the contractual relationship of Robbins Bros. and its current and former employees by using improper and

unlawful means to induce Robbins Bros.'s employees to sever their relationships with Robbins Bros. and to disclose Robbins Bros.'s confidential, proprietary and trade secret information for the benefit of Icebox.  In doing so, Icebox has obtained an unfair monetary gain by not having to train its employees or educate them about proprietary information about which they learned at Robbins Bros.

68.     Such acts constitute willful and intentional acts of interference with Robbins Bros.'s contractual relationships.

69.     By the unlawful conduct of Icebox, Robbins Bros. has suffered and will continue to suffer immediate and irreparable harm that cannot be adequately compensated by an award of damages, including, without limitation, Robbins Bros. will continue to lose valuable confidential and proprietary information and valuable employees that it developed at great expense over a large period of time.

70.     Robbins Bros. believes, and therefore avers, that Icebox's unlawful conduct will continue unless restrained immediately by order of the Court.  Icebox's unlawful conduct is clearly actionable, and the injunctive relief prayed for herein is reasonably suited to abate such conduct. The harm to be done by issuing the injunctive relief prayed for herein does not outweigh the substantial loss of information and employees that Robbins Bros. will suffer if the unlawful conduct is permitted to continue.

71.     In the alternative, Robbins Bros. has been damaged and will continue to be damaged by Icebox's tortious interference with Robbins Bros.'s contractual and employment relations.  Icebox's conduct as described above is willful, intentional and done with malice.  Thus, Robbins Bros. is entitled to recover actual and exemplary damages from all Icebox to deter such conduct in the future.

**FIFTH CLAIM FOR RELIEF**

**(Application for Temporary Restraining Order and Request for Preliminary and Permanent Injunction)**

**(Against all Defendants)**

72.     The allegations of the foregoing paragraphs are re-alleged herein.

73.     Robbins Bros. has a probable right to recovery on each of its claims set forth herein.

74.     By the actual and threatened unlawful conduct of Defendants, Robbins Bros. will suffer immediate and irreparable harm that cannot be compensated by an award of damages in that Robbins Bros. will continue to lose valuable confidential and proprietary information and valuable employees with key knowledge of Robbins Bros. confidential and proprietary information, both of which are being permanently damaged.

75.     Robbins Bros. believes, and therefore avers, that Defendants' unlawful conduct will continue unless enjoined immediately by order of the Court.

76.     Robbins Bros. has no adequate remedy at law because no amount of money damages can fully compensate Robbins Bros. for the loss of its confidential information and/or employees it will incur if Defendants are allowed to continue their unlawful conduct.

77.     Robbins Bros. is entitled to obtain injunctive relief to force Defendants to refrain from continuation of such unlawful conduct.

78.     Based on the foregoing, Robbins Bros. seeks a temporary restraining order enjoining all Defendants from:

a)   destroying, removing, erasing, deleting, altering, or disposing of: any documents, electronic mail, data, records, files, electronic postings, social media, text messages, voicemails, or other information that in any way relate to the allegations in this Original Complaint, or any evidence that is in any way related to or connected to such allegations.  Such information and property includes, without limitation, any documents, electronic mail, data, records, files or information that were obtained by any Defendant in the course of his or her employment with

Robbins Bros., after Defendant's employment with Robbins Bros., and/or that are otherwise the property of Robbins Bros. (regardless of media format), including any proprietary, confidential and/or trade secret information;

b) disclosing to anyone, including any other employer, information held by Defendants in confidence defined as: (a) Financial Statements; Account Receivable percentages; Gross Profit percentage breakdowns; salary and commission breakdowns; Profit/Loss Statements; and (b) Company Sales Manual (and all information contained therein); GemQuest System; selling and training techniques; pricing; customer lists; marketing methods; new trademarks; business plan; inventions; processes; or any trade secret of confidential information relating to the business of Company, unless the same is in the public domain or is or becomes known or learned by others not employed by Robbins Bros., other than by breach of any agreement between Robbins Bros. and Defendant Myers.  Defendants will also not disclose any information which is the property of any customer of Robbins Bros., past, present or future, unless the customer specifically authorizes such disclosure in writing; and

c) using customer lists or information about special customer requirements of which Defendant Myers has knowledge by reason of her employment by Robbins Bros. for any purposes which injure or may injure the business of Robbins Bros. or any similar business of affiliates and Defendants will not sell or otherwise transfer such customer lists or information to persons not affiliated with Robbins Bros. for any purpose.

d) requiring Defendants to immediately return any hard-copy documents, files, contracts, materials and property (regardless of the media on which they are contained), including, without limitation, all computers (and ancillary equipment) and customer files taken or copied from Robbins Bros., without keeping any copies for themselves; and

In addition, Robbins Bros. seeks a temporary restraining order enjoining Defendant Rose from soliciting or encouraging any employee or contractor of Robbins Bros. to leave his or her employment or engagement with Robbins Bros. or hiring any such person or engaging such person to perform services until May 14, 2022.

After notice and hearing, and for the reasons set forth above, the Court should also issue a preliminary and permanent injunction enjoining Defendants as set forth above.

127.    To the extent the Court determines that the restrictive covenants in the Separation Agreement requires reformation, Robbins Bros. hereby requests that the Court reform the restrictions to the extent it deems just and proper.

## PRAYER FOR RELIEF SOUGHT

WHEREFORE, Robbins Bros. respectfully requests the following relief against Myers, Icebox, and all persons with knowledge or acting in concert with Defendants:

1.      Enter a Temporary Restraining Order and an Order preliminarily and permanently enjoining Myers and Icebox from using or disclosing Robbins Bros.' confidential and trade secret information and to return all of the same that is in their possession, as set forth above;

2.      Enter a Temporary Restraining Order and an Order preliminarily and permanently enjoining Myers from soliciting Robbins Bros. employees until May 14, 2022, as set forth above;

3.      Award Robbins Bros. damages, including punitive and/or damages, and pre- and post-judgment interest, in an amount to be determined at trial;

3.      Award Robbins Bros. its costs and attorneys' fees; and

4.      Provide any further relief, at law or in equity, as this Court deems just, appropriate, and equitable.

Dated:   July 1, 2021                              Respectfully submitted,


                                                   /s/ Kimberly F. Williams
                                                   Kimberly F. Williams
                                                     State Bar No. 240505923
                                                     kwilliams@lockelord.com
                                                   Robin G. Shaughnessy
                                                     State Bar No. 24012713
                                                     rshaughnessy@lockelord.com
                                                   LOCKE LORD LLP
                                                   2200 Ross Avenue, Suite 2800
                                                   Dallas, TX 75201
                                                   (214) 740-8000 (Telephone)
                                                   (214) 740-8800 (Facsimile)

                                                   **ATTORNEYS FOR PLAINTIFF
                                                   ROBBINS BROS. JEWELRY, INC.**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## VERIFICATION

STATE OF _California_

COUNTY OF _Los Angeles_

§
§
§

Cheryl Albert, having been duly sworn, testifies that she is the Director of Human Resources for Robbins Bros. Jewelry, Inc., Plaintiff herein, and is authorized to make this verification on its behalf, that she has read the foregoing Petition, that the matters and facts therein stated are within her personal knowledge, and that the same are true and correct.

_Cheryl Albert_
Cheryl Albert

SUBSCRIBED AND SWORN TO before me, this _1_ day of July, 2021.

SELINA MARIE CASHIN
Notary Public - California
Los Angeles County
Commission # 2350846
My Comm. Expires Mar 10, 2025

Notary Public for the State of _California_

_Selina Marie Cashin_
Notary's Printed Name

My commission expires:

_March 10, 2025_